**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>GENARO GAMEZ-MACIAS,<br><br>                    Defendant. | 2:09-cr-00034-RCJ-LRL<br><br>**MOTION TO DISMISS BASED ON PRIOR UNLAWFUL DEPORTATION (#17)** |

**REPORT & RECOMMENDATION**

The defendant, Genaro Gamez-Macias, is under indictment on one count of Unlawful Reentry of a Deported Alien, a violation of 8 U.S.C. § 1326. The matter before the court is Gamez-Macias' Motion to Dismiss Based on Prior Unlawful Deportation (#17), in which he contends that his 2006 Nebraska drug conviction was not properly designated an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii) and § 1101(a)(43)(B). Therefore, according to Gamez-Macias, the order mandating his removal from the United States cannot now be used to sustain an element of an illegal reentry offense. The government filed a Response (#18) arguing, among other things, that the conviction is an aggravated felony under § 1101(a)(43)(B).

**THE FACTS**

Based on the exhibits attached to the parties' papers, the court finds the following facts have been established by a preponderance of the evidence. On March 3, 2006, Gamez-Macias was charged in an Amended Information in the District Court of Dawson County, Nebraska with one count of Possession of Methamphetamine With Intent to Distribute, a violation of Nebraska Revised Statutes § 28-416(1), and one count of Attempted Possession of Cocaine With Intent to Distribute, a violation of Nebraska Revised Statutes §§ 28-201 and 28-416(1). Exh. to Opp'n (#18) at 2-3. That same day,

Gamez-Macias pleaded guilty and was adjudged guilty of the offenses. *Id.* at 4-5. On March 5, 2006, Gamez-Macias was sentenced to two concurrent terms of a minimum of five years and a maximum of eight years in the custody of the Nebraska Department of Corrections. *Id.* at 5-6.

On April 24, 2006, Gamez-Macias was served with a Notice to Appear by U.S. Immigration and Customs Enforcement ("ICE") alleging he was removable because of the drug conviction. Exh. A to Mot. (#17). On December 7, 2006, Gamez-Macias was ordered removed by an Immigration Judge. *Id.*, Exh. B. Gamez-Macias was released on parole into ICE custody on March 7, 2008. *Id.* at 2. He was removed to Mexico on March 12, 2008. *Id.*, Exh. C.

On February 4, 2009, the government filed the one count Indictment (#1) at issue in the present Motion (#17). The Indictment (#1) rests on the March 12, 2008 deportation. Gamez-Macias was detained at his initial appearance and entered a plea of not guilty at his arraignment. Mins. (#5); *see also* Order (#12).

**DISCUSSION**

Title 8, United States Code, Section 1326(a) makes it a crime for an alien to enter, attempt to enter, or to be found in the United States without consent of the U.S. Attorney General after being denied admission, excluded, deported, or removed. A defendant may collaterally attack a prior deportation or removal to preclude the government from relying on it in a prosecution under this section. § 1326(d). A defendant may challenge the validity of a deportation order if (1) the defendant exhausted any remedies that may have been available to seek relief against the order, (2) the deportation proceedings at which the order was issued improperly deprived the defendant of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *Id.* To succeed in a collateral challenge, the defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result of the violation. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir. 2000) (citation omitted).

Gamez-Macias challenges his removal on the ground that the Immigration Judge incorrectly treated his drug conviction as an aggravated felony under the Immigration and Nationality Act ("INA")

§ 237(a)(2)(A)(iii) (codified at 8 U.S.C. § 1227(a)(2)(A)(iii)). The INA includes within the definition of aggravated felony illicit trafficking in a controlled substance (as defined in 21 U.S.C. § 802), including a drug trafficking crime (as defined in 18 U.S.C. § 924(c)). 8 U.S.C. § 1101(a)(43)(B). In determining whether a state conviction constitutes an aggravated felony under § 1101(a)(43), the court generally applies the categorical approach described in *Taylor v. United States*, 495 U.S. 575, 602 (1990). The categorical approach requires the court to look at the statutory definition of the crime rather than the underlying factual circumstances. *United States v. De Jesus Castillo-Rivera*, 244 F.3d 1020, 1022 (9th Cir. 2001) (citation omitted).

Under Nebraska Revised Statutes § 28-416, a person may be convicted for simple possession of a controlled substance. *See* Neb. Rev. Stat. § 28-416(3). To the extent that the conduct encompassed by § 28-416 does not categorically qualify as an aggravated felony, the court uses a modified categorical approach by reviewing judicially noticeable documents to determine if the state offense qualifies. *Castillo-Rivera*, 244 F.3d at 1022-23; *see also Rendon v. Mukasey*, 520 F.3d 967, 975 (9th Cir. 2008) (court may consider charging document, signed plea agreement, jury instructions, guilty pleas, transcripts of plea proceeding and judgment) (citations omitted).

The Amended Information under which he was charged, and to which he plead guilty, alleged that Gamez-Macias did "knowingly or intentionally manufacture, distribute, deliver, dispense, or possess with intent to manufacture, distribute, deliver, or dispense a controlled substance, to-wit: Methamphetamine." Exh. to Opp'n (#18) at 2. The Amended Information further alleged that Gamez-Macias did "intentionally engage in conduct which, under the circumstances as he believed them to be, constituted a substantial step in a course of conduct intended to culminate in his commission of the crime of knowingly or intentionally manufacturing, distributing, delivering, dispensing, or possessing with intent to manufacture, distribute, delivery, or dispense a controlled substance, to-wit: Cocaine." *Id.*

Under the phrase "illicit trafficking in a controlled substance," a state drug crime is an aggravated felony "if it contains a trafficking element." *Salviejo-Fernandez v. Gonzales*, 455 F.3d

1063, 1066 (9th Cir. 2006). "'Trafficking' means some sort of commercial dealing." *Lopez v. Gonzalez*, 549 U.S. 47, 53 (2006); *accord Rendon*, 520 F.3d at 975. Possession of methamphetamine, and attempted possession of cocaine, with the intent to distribute necessarily means that Gamez-Macias possessed the drugs with the aim to engage in "some sort of commercial dealing." His drug conviction therefore amounted to an aggravated felony under the INA, making him ineligible for voluntary departure. As such, no prejudice could have resulted from the Immigration Judge's purported failure to inform him that he was eligible for voluntary departure under the INA.

## RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Gamez-Macias' Motion to Dismiss Based on Prior Unlawful Deportation (#17) should be denied.

DATED this 14th day of August, 2009.

**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**